UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARCUS MCKISSICK,

       Petitioner,

— against —

LOUIS R. MARSHALL,
Superintendent, Sing Sing Correctional Facility,

       Respondent.
----------------------------------------------------------X

**MEMORANDUM and ORDER**

08-CV-1892 (SLT)

TOWNES, United States District Judge:

## INTRODUCTION

*Pro se* petitioner Marcus McKissick ("Petitioner" or "McKissick"), who was convicted in New York State Supreme Court, Kings County, of Robbery in the Second Degree, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McKissick alleges that: (1) he was deprived of his right to a fair trial and due process because of improper comments made by the prosecutor at trial; and (2) he was denied due process when he was sentenced as a second violent felony offender. For the reasons set forth below, the petition is denied.

## BACKGROUND

On November 22, 2003, Petitioner was arrested for robbing a man at a Brooklyn subway station. After a jury trial, Petitioner was convicted on July 23, 2004 of Robbery in the Second Degree. On September 8, 2004, the trial court asked defense counsel whether Petitioner was contesting his predicate violent felony conviction. In the colloquy that followed, defense counsel conceded that there was no issue of identity, and the trial court raised the issue of whether defendant was asserting that his prior conviction was in violation of his constitutional rights:

1

> Now the issue is if your client doesn't deny his identity as the person who is convicted, then the only issue is were any of his constitutional rights violated, if so, which ones.

(Docket No. 10-1 at 6/87.) Defense counsel responded, stating: "We will stand mute on that," and the trial court proceeded to schedule a sentencing date. (Docket No. 10-1 at 6/87.)

On November 9, 2004, immediately before Petitioner was sentenced, defense counsel stated her "inten[t] to actively contest the predicate" based on "the adequacy of representation he had at the time of the plea" and requested a "hearing on the predicate." (Docket No. 10-1 at 15/87.) The trial court denied the application and then proceeded to sentence Petitioner as a second violent felony offender to a term of ten years imprisonment to be followed by five years of post-release supervision.

On June 30, 2006, Petitioner appealed his judgment of conviction to the New York State Supreme Court, Appellate Division, Second Department, asserting the same claims as he does in this petition for federal habeas relief. By decision and order dated January 30, 2007, the Appellate Division unanimously affirmed defendant's judgment of conviction. *People v. McKissick*, 36 A.D.3d 941 (2d Dept. 2007). Regarding alleged improper remarks by the prosecutor during summation, the Court held that "the challenged remarks were fair comment on the evidence, permissible rhetorical remarks, or appropriate responses to the defense counsel's summation." *Id.* at 941. Addressing Petitioner's claim as to his sentencing as a second violent felony offender, the Appellate Division held that "the defendant's failure at sentencing to specify any particular allegation or allegations in the predicate felony statement he wished to controvert resulted in all allegations in the statement being deemed admitted." *Id.* The Court further held that "his belated claim at sentencing that he had been afforded inaccurate advice by his counsel before pleading guilty to the prior felony was, under the circumstances of this case, insufficient

2

to warrant a hearing." *Id.* at 567. Petitioner sought leave to appeal to the New York State Court of Appeals, but on May 14, 2007, his application for leave was denied. *People v. McKissick*, 838 N.Y.S. 2d 491 (2007).

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The same standard applies to petitions for federal habeas relief. *See Chang v. United States*, 250 F.3d 79, 86 n. 2 (2d Cir. 2001); *Dunn v. Sears*, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *Charles v. Fischer*, 516 F. Supp. 2d 210, 215 (E.D.N.Y. 2007). As such, McKissick's petition is to be "interpret[ed] to raise the strongest arguments that [it] suggest[s]." *Brownwell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

### A. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts will only grant a habeas petition based on a claim that is "adjudicated on the merits" in state court where the state court's adjudication of the claim either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States;
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

An "adjudication on the merits is a substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001). A state court has adjudicated a state petitioner's claim on the merits when it "(1) disposes of the claim on the

3

merits, and (2) reduces its disposition to judgment." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Sellan*, 261 F.3d at 312).

Under Section 2254(d)(1) - the "contrary to" clause - a federal habeas court may grant the writ "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite'" to that reached by the Court. *Bell v. Cone*, 543 U.S. 447, 452-53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Under Section 2254(d)(2) - the "unreasonable application" clause - a federal habeas court may grant the writ if the state court "'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the petitioner's case.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (O'Connor, J., concurring).

### B. Petitioner's Claims

*I. Prosecutorial Misconduct Claim*

Petitioner's claim that the prosecutor's comments deprived Petitioner of a fair trial is without merit. The Second Circuit has developed an exacting standard for overturning a conviction based on a prosecutor's remarks:

> A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone in an otherwise fair proceeding. In order to reach the level of a constitutional violation, a prosecutor's remarks must so infect the trial with unfairness as to make the resulting conviction a denial of due process. Prosecutorial misconduct during summation is grounds for reversal only when the

4

remarks caused substantial prejudice to the defendant.

*Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991) (internal citations and quotation marks omitted). In this case, the challenged comments, when viewed in the context of the entire summation and the other evidence at trial, do not amount to a violation of the Petitioner's federal rights.

Petitioner argues that the prosecutor improperly remarked that the case was about "greed and opportunities," and that "[Petitioner's] greed exploded in an act of violence on November 22, 2003." (Docket No. 11-5 at 381, 71/83.) Petitioner objects to the prosecutor's characterization of Petitioner as being part of a "crew" that was on the "prowl" looking for an innocent victim. (Docket No. 11-5 at 382, 72/83.) Additionally, Petitioner cites the prosecutor's references to Petitioner as being in the "business" of robbery and "following standard operating procedure." (Docket No. 11-5, 389, 79/83.) Petitioner claims that each of these references was used by the prosecutor in order to "bolster her proof in this case." (Docket No. 9 at 7, 8/14.)

Petitioner also asserts that the prosecution made statements to "appeal to the juror's sympathies . . . by attacking defense counsel for cross-examining [the complainant]." (Docket No. 9 at 7, 8/14.) Petitioner refers to the prosecution's statement that "Litvinov is not on trial" although defense counsel has "subjected him to two days of vigorous cross-examination." (Docket No. 11-5 at 382-83, 72-73/83.) Additionally, Petitioner complains about the prosecution's statements that the People's evidence was "overwhelming" and that it "was a simple case." (Docket No. 11-5 at 381, 71/83; 390, 80/83.) Finally, Petitioner objects to the prosecutor's final statement to the jury that "it's time for you to send a message to this defendant that what he did on November 22nd was not okay and return a verdict in this case holding the defendant responsible for his actions . . . ." (Docket No. 11-5 at 390, 80/83.)

None of the challenged comments render Petitioner's conviction constitutionally defective. Petitioner has failed to establish that he suffered substantial prejudice as a result of any of the prosecutor's comments, even if any one of them was improper. There was "overwhelming evidence of guilt," so that "it is unlikely that, even if improper, any particular comment in the prosecutor's summation had a substantial effect on the jury's verdict. " *McLean v. Green*, No. CV-05-5603, 2009 WL 4778824, at *10 (E.D.N.Y. Apr. 15, 2009); *see also Tankleff v. Senkowski*, 135 F.3d 235, 253 (2d Cir. 1998); *United States v. Modica*, 663 F.2d 1173, 1182 (2d Cir. 1981).

The Supreme Court has held that a prosecutor's comments at trial must be beyond "improper" or "universally condemned" to render a trial constitutionally unfair. *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986) (internal quotation marks omitted). Under the facts of this case, the prosecutor's comments did not "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

## *II. Petitioner's Sentencing as a Second Violent Felony Offender*

Petitioner is precluded from attacking the validity of the predicate conviction in this habeas proceeding under *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). In that case, the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04. An exception is recognized for cases where a petitioner asserts a Sixth

Amendment violation of the right to the appointment of counsel in connection with the predicate conviction. *Id.* at 404; *see also Daniels v. United States*, 532 U.S. 374, 376, 382 (2001) However, no such claim is asserted in this case. Petitioner's argument that he was denied due process in connection with his sentencing is also without merit.

Petitioner was sentenced as a second violent felony offender under the statutory procedure set forth in New York Criminal Procedure Law § 400.15. Petitioner's claim is procedurally barred by the Appellate Division's holding. *See Greco v. Duncan*, No. 98-CV-6339, 2002 WL 31663513, at *16 (W.D.N.Y. Oct. 4, 2002). The allegations in the predicate felony statement were admitted by Petitioner, and when given an opportunity to raise a constitutional claim, defense counsel specifically stated that "we stand mute" on the issue. (Docket No. 10-1 at 6/87.)

Petitioner's conclusory claim, made immediately before he was sentenced, that he received ineffective assistance of counsel in connection with his guilty plea did not require the trial court to hold a hearing. *See People v. Konstantinides*, 14 N.Y.3d 1, 15 (2009); *People v. Boomer*, 187 A.D.2d 659, 661 (2d Dept. 1992). Even if he was entitled to a hearing, the denial of one would not warrant federal habeas relief because the trial court's decision was not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28. U.S.C. § 2254(d)(1); *see Wallace v. Artus*, No. 05 Civ. 0567, 2006 WL 738154, at *6-*7 (S.D.N.Y. Mar. 23, 2006). Moreover, Petitioner's challenge is based on a "violation of state statutory law, which is not cognizable on federal habeas review." *Ocasio v. Smith*, No. 07 Civ. 2754, 2008 WL 110938, at *17 (S.D.N.Y. Jan. 8, 2008); *see also Silva v. Miller*, No. 04-CV-8013, 2009 WL 4060946, at * 25 (S.D.N.Y. Nov. 24, 2009).

## CONCLUSION

Accordingly, the instant petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: August 16, 2010
Brooklyn, New York

8